**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 02 2006

IN THE UNITED STATES DISTRICT COURT at 3 o'clock and 05 min. PM aw
SUE BEITIA, CLERK

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMANDO GALINDO-PELAYO,<br><br>　　　　Movant,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil No. 05-00090 HG-KSC<br>Criminal No. 03-00079 HG-01<br><br>ORDER DENYING EX PARTE MOTION<br>FOR FUNDS TO TRANSLATE 28<br>U.S.C. 2255 PROCEEDINGS AND<br>ORDER |

**ORDER DENYING EX PARTE MOTION FOR FUNDS TO TRANSLATE
28 U.S.C. 2255 PROCEEDINGS AND ORDER**

On August 27, 2003, Amando Galindo-Pelayo, ("Movant"), pled guilty to possessing with intent to distribute 50 or more grams of a Schedule II controlled substance. Movant was sentenced to 108 months imprisonment.

On February 07, 2005, Movant filed for habeas corpus relief pursuant to 28 U.S.C. § 2255. An evidentiary hearing was held on October 24, 2005, to determine whether Movant instructed counsel to file a notice of appeal. On December 20, 2005, the Motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 was denied. On January 3, 2006, Movant appealed to the Ninth Circuit Court of Appeals.

On January 10, 2006, Movant lodged in the United States District Court, District of Hawaii an "EX PARTE MOTION FOR FUNDS

TO TRANSLATE 18 U.S.C. 2255 PROCEEDINGS AND ORDER."[1]  The Supreme Court is clear in finding that

> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  Once Movant filed for appeal, he District Court was divested of jurisdiction over the matter.  Movant's motion must therefor be DENIED WITHOUT PREJUDICE.

## CONCLUSION

The District Court is divested of jurisdiction over the matter, as Movant has filed for appeal with the Ninth Circuit Court of Appeals.  Movant's motion is DENIED WITHOUT PREJUDICE, as the matter should be brought before the Ninth Circuit Court of

\\

\\

\\

\\

\\

\\

---

[1] Movant mistakenly asked for relief under 18 U.S.C. 2255, which deals with civil remedies for personal injuries.  Upon reviewing his motion, it is clear that Movant is seeking relief under 28 U.S.C. 2255.  The motion is construed as a 28 U.S.C. 2255 motion.

2

Appeals.

IT IS SO ORDERED.

DATED: Honolulu, February 2, 2006.

/s/ Helen Gillmor
HELEN GILLMOR
Chief United States District Judge

Galindo-Pelayo v. United States of America, Civil No. 05-00090 HG-KSC; Criminal No. 03-00079 HG-01; **ORDER DENYING EX PARTE MOTION FOR FUNDS TO TRANSLATE 18 U.S.C. 2255 PROCEEDINGS AND ORDER**